UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES HOOLEY and | * | |
| SHEILA HOOLEY, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| THE BANK OF NEW YORK MELLON, | * | Civil Action No. 1:15-cv-13441-IT |
| FORMERLY KNOWN AS THE BANK | * | |
| OF NEW YORK, AS TRUSTEE, ON | * | |
| BEHALF OF THE HOLDERS OF THE | * | |
| CWABS, INC., ASSET-BACKED | * | |
| CERTIFICATES, SERIES 2004-1, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

December 22, 2015

I.       Introduction

       Plaintiffs James and Sheila Hooley ("Plaintiffs" or "the Hooleys") filed this action in the

Superior Court of Suffolk County, Massachusetts, against Defendant The Bank of New York

Mellon, f/k/a/ The Bank of New York, as Trustee, on Behalf of the Holders of the CWABS, Inc.,

Asset-Backed Certificates, Series 2004-1 ("BNY") over an allegedly predatory mortgage

currently purportedly held by BNY.  The complaint pleads two causes of action: (1) violation of

Mass. Gen. Laws ch. 93A "asserted defensively in recoupment" and (2) declaratory judgment

regarding the enforceability of the terms of the mortgage.

       BNY removed the matter to this court asserting diversity jurisdiction.  Notice Removal

[#1].  The Notice of Removal contends that the parties are completely diverse and that the

amount in controversy exceeds $75,000, whether the Hooleys seek monetary damages related to

the allegedly predatory nature of the loan and/or equitable relief to prevent the foreclosure of

their home and enforcement of the mortgage.  The Hooleys do not contest diversity of citizenship but contend that because the prayer for relief in their complaint requests only to reform the terms of their loan and does not seek monetary damages, the amount in controversy is not met and the case should be remanded to state court.  See Pls.' Mot. Remand [#11]; Compl. at 7 (Request for Relief) [#1-1].

II.     Motion for Remand

BNY, as the removing party, "has the burden of establishing that the court has subject matter jurisdiction over the case." Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009).  BNY must show to a "reasonable probability" that the amount in controversy exceeds $75,000.  Amoche, 556 F.3d at 48-50; see also 28 U.S.C. § 1446(c)(2) (where removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount of controversy" if the initial pleading seeks nonmonetary damages or the state practice permits recovery of damages in excess of the amount demanded and "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]").

The amount in controversy "is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co., Ltd., v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004).  Where a party seeks equitable relief, the amount in controversy is measured by "the value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1877).   Thus, whether the amount in controversy exceeds the jurisdictional amount hinges on exactly what relief the Hooleys seek.

Several district courts have concluded that "where a complaint seeks to invalidate a loan secured by a deed of trust, the amount in controversy is the loan amount, although other courts have calculated the amount in controversy by reference to alternative criteria, including *inter alia*, the unpaid principal balance on the note as of the date of removal." McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012) (citations and internal quotation marks omitted). See also Larace v. Wells Fargo Bank, N.A., 972 F. Supp. 2d 147, 151 (D. Mass. 2013) (finding it "reasonable" to determine the amount in controversy as the value of the mortgage where the plaintiffs' pleadings did not specify a damage amount and the defendants' mortgage interest "would be extinguished if Plaintiffs were ultimately successful"). Other courts have concluded that "the fair market value of the property is an acceptable measure of the amount in controversy" in cases seeking equitable relief against a foreclosure sale. Bedard v. Mortg. Elec. Registration Sys., Inc., Civil No. 11-cv-117-JL, 2011 WL 1792738, at *3 (D.N.H. May 11, 2011) (collecting cases). Accordingly, if the Hooleys are seeking to rescind their mortgage in order to avoid foreclosure, the amount in controversy would be satisfied, as the loan amount, unpaid principal balance, and fair market value of the home all far exceed $75,000. In particular, the Complaint alleges that the original loan amount was for $391,000 (Compl. ¶¶ 7, 17); the unpaid balance is approximately $790,000 (Compl. ¶ 31); and the fair market value of the home was most recently valued at $571,000 (Compl. ¶ 17).

However, the Hooleys assert that they seek only to "equitably reform the terms of their promissory note so that they are commercially reasonable and not predatory." Pls.' Reply Mot. Remand 1 [#18]. The best measure of the amount in controversy as to the modification request would be not the value of the loan or home, but the difference between the value of the existing loan and the value of the proposed reformed loan. See Johnson v. Wells Fargo Home Mortg.,

No. CV 12-00144 GAF (SPX), 2012 WL 1229880, at *4 (C.D. Cal. Apr. 11, 2012) (the amount in controversy when a plaintiff seeks a loan modification is "the difference between the value of the existing loan and the proposed modified loan"). Here, neither the complaint nor the notice of removal provide any basis from which to determine the "value" of the modified loan because neither pleading identifies or describes what modifications the Hooleys seek. Accordingly, while it may be very likely that any desired modification to a loan with an outstanding balance of nearly $790,000 would place at least $75,000 in controversy, the court cannot conclude that this is so without speculating about what those modifications would be. As the "removal statute should be strictly construed against removal," the court declines to so speculate. Rosello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004).

Nonetheless, the Hooleys' claim for relief is not limited to a modification because they also assert a Chapter 93A claim "in recoupment." Compl. ¶ 28. Recoupment is an equitable remedy that traditionally "allows a defendant to 'defend' against a claim by asserting—up to the amount of the claim—the defendant's own claim against the plaintiff growing out of the same transaction." In re Sheedy, 801 F.3d 12, 21 (1st Cir. 2015) (quoting Bolduc v. Beal Bank, SSB, 167 F.3d 667, 672 (1st Cir. 1999)). As the Hooleys note, in May v. SunTrust Mortg., Inc., 7 N.E.3d 1036, 1044 & n. 17 (Mass. 2014), the Massachusetts Supreme Judicial Court recognized that a plaintiff may be able to assert a claim for damages under Chapter 93A as a claim for recoupment.

Plaintiffs assert their recoupment claim does not put any amount in controversy because they cannot obtain "affirmative money damages" from it. Pls.' Reply 3. Whether asserted by a plaintiff or defendant, "recoupment is permitted only to reduce or eliminate damages, not to gain some other form of relief." Bolduc, 167 F.3d at 672 n.4 (citing 6 Wright, Miller & Kane, Federal

Practice and Procedure § 1401 (2d ed. 1990)).  Even if Plaintiffs are not seeking affirmative

payment of money damages in their claim for recoupment, however, the "object" of their

recoupment claim is to reduce the amount of money they owe BNY.  Accordingly, the amount of

money Plaintiffs seek to offset from their liability to BNY is an amount in controversy.

      The court is satisfied that the value of the Hooleys' recoupment claim exceeds the

jurisdictional minimum.  The Hooleys' Chapter 93A cause of action alleges that they "have

suffered significant damages as a result of their predatory mortgage terms" including that the

balance of the loan has "ballooned from $391,000 to approximately $790,000."  Compl. ¶ 31.[1]

Accordingly, the damages claimed may be measured, at a minimum, as the difference between

the balance due as a result of the allegedly predatory loan, and the balance that would be due had

the loan not violated Chapter 93A, or approximately $400,000 in this case.  Thus, the amount in

controversy based on the Hooleys' Chapter 93A claim in recoupment exceeds the jurisdictional

minimum, and the court has subject matter jurisdiction.

III.    <u>Conclusion</u>

      For the foregoing reasons, this court DENIES Plaintiffs' <u>Motion to Remand</u> [#11].  BNY

shall file a responsive pleading no later than 30 days from the date of this order in accordance

with the court's <u>Order</u> [#10] of October 19, 2015.

      IT IS SO ORDERED.

Date: December 22, 2015                     /s/ Indira Talwani
                                      United States District Judge

---

[1] The Hooleys also allege other injuries caused by the alleged Chapter 93A violation, but neither the complaint nor notice of removal provide any basis for calculating the damages sought as a result of those alleged injuries.