\UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES HOOLEY and | * | |
| SHEILA HOOLEY, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| THE BANK OF NEW YORK MELLON, | * | Civil Action No. 1:15-cv-13441-IT |
| FORMERLY KNOWN AS THE BANK | * | |
| OF NEW YORK, AS TRUSTEE, ON | * | |
| BEHALF OF THE HOLDERS OF THE | * | |
| CWABS, INC., ASSET-BACKED | * | |
| CERTIFICATES, SERIES 2004-1, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

April 15, 2016

TALWANI, D.J.

I.     Introduction

Plaintiffs James and Sheila Hooley ("Plaintiffs" or "the Hooleys") filed this action

against Defendant The Bank of New York Mellon, f/k/a/ The Bank of New York, as Trustee, on

Behalf of the Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2004-1 ("BNY"),

alleging a violation of Mass. Gen. Laws ch. 93A and seeking declaratory judgment related to the

Hooleys' allegedly predatory mortgage.  Now before the court is Defendant's Motion to Dismiss

for Failure to State a Claim [#27].  For the following reasons, this motion is ALLOWED.

II.     Motion to Dismiss Standard

A plaintiff must allege a "plausible entitlement to relief" to survive a motion to dismiss

under Fed. R. Civ.  P. 12(b)(6).  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007).  The

court must accept the plaintiff's well-pleaded factual allegations and draw all reasonable

inferences in the plaintiff's favor.  Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008).

III.     Factual Background

The following alleged facts are taken from the Plaintiffs' complaint.

The Hooleys allege that Consumer Home Mortgage Corp. of America ("CMHC") fraudulently inflated their income on their 2003 mortgage application, claiming their income was $8,319.00 per month when it was only $5,502.44 per month.  Compl. ¶¶ 9-10 [#1-1].  As a result, the Hooleys were approved for a $319,000 adjustable rate mortgage on their home, with monthly mortgage payments of $2,921.83 per month, based on an introductory rate of 6.8%.  Id. ¶¶ 11-13. The Hooleys fell behind on their mortgage and are now facing foreclosure.  Id. ¶ 19.  BNY purports to be the current holder of the mortgage and note issued to CHMC.  Id. ¶ 20.  Indeed, BNY is currently treating the loan as in default and the property is in foreclosure though it has not been sold.  Id. ¶ 21.

IV.     Discussion

A.  Count I

In Count I, Plaintiffs allege that they were approved for a mortgage on predatory terms in 2003, in violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A ("Chapter 93A").  Plaintiffs do not dispute that the statute of limitations on a Chapter 93A cause of action is four years, Mass. Gen. Laws ch. 260, § 5A, and a Chapter 93A claim based on the 2003 application would be time-barred.  Plaintiffs assert, however, that their Chapter 93A claim is "being asserted defensively in recoupment due to current foreclosure efforts." Compl. ¶ 28. They argue that there is no statute of limitations for claims brought in recoupment.  Pls.' Mem. Law Opp'n Def.'s Mot. Dismiss 6 [#38].  Defendant argues in response that a mortgagee's action

to foreclose on a mortgage in a non-judicial foreclosure state such as Massachusetts is not an

"action" or "claim" against which a mortgagor may assert a claim in recoupment.  Def.'s Suppl.

Mem. Law Supp. Mot. Dismiss 1 [#43].

Recoupment is generally treated as an affirmative defense that a defendant may raise

against a plaintiff as long as it arises out of the same transaction as the plaintiff's claim.  Bull v.

United States, 295 U.S. 247, 262 (1935) ("[R]ecoupment is in the nature of a defense arising out

of some feature of the transaction upon which the plaintiff's action is grounded."); see also In re

Sheedy, 801 F.3d 12, 21 (1st Cir. 2015) ("[R]ecoupment allows a defendant to defend against a

claim by asserting—up to the amount of the claim—the defendant's own claim against the

plaintiff growing out of the same transaction." (internal quotation marks and citation omitted)).

Recoupment is an equitable remedy that only allows for reduction or elimination of damages; it

does not permit other forms of relief.[1]  Bolduc v. Beal Bank, SSB, 167 F.3d 667, 672 n. 4 (1st

Cir. 1999) (citing Wright, Miller & Kane, Federal Practice and Procedure § 1401, 10 (2d ed.

1990)).  Typically, a recoupment affirmative defense is "never barred by the statute of limitations

so long as the main action itself is timely."  Bull, 295 U.S. at 262.

Plaintiffs urge this court to further recognize a cause of action for recoupment brought

affirmatively by a plaintiff.  Defendant responds that "[r]ecoupment is not a vehicle for a

plaintiff to assert affirmative relief, under any theory" and that "[a]n action for recoupment is

---

[1]At oral argument, Defendant asserted that recoupment is a legal rather than equitable defense.
However May v. SunTrust Mortg., Inc., to which both parties cite, shows that recoupment is "an
*equitable* set-off of damages which ought to be deducted from the plaintiff's demand."  7 N.E.3d
1036, 1042 (Mass. 2014) (quoting Stacy v. Kemp, 97 Mass. 166, 168 (1867)) (emphasis added)
(quotation marks omitted); see also Bolduc, 167 F.3d at 672 n. 3 (1st Cir. 1999) (citing Kosadnar
v. Metropolitan Life Ins., 157 F.3d 1011, 1015 (5th Cir. 1998) ("[G]iven the equitable nature of
the [recoupment] doctrine, courts have refrained from precisely defining the same-transaction
standard, focusing instead on the facts and the equities of each case.") (citation omitted)).

restricted to responding defensively to claims asserted against the party claiming recoupment."
Def.'s Mem. Law Supp. Mot. Dismiss 2, 3 [#28].  In May v. SunTrust Mortg., Inc., 7 N.E.3d
1036 (Mass. 2014), on which Plaintiffs rely, the Massachusetts Supreme Judicial Court ("SJC")
considered whether a cause of action for "rescission by way of recoupment" was available under
the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA").  Section 10(f) of that
statute allows debtors to bring actions to rescind consumer credit contracts within four years of
execution of an offending contract, and § 10(i)(3) states that nothing in § 10 affects a consumer's
right of recoupment.  See id. at 1040-41 (citing Mass. Gen. Laws ch. 140D, §§ 10(i)(3), (f)).  In
May, the consumers (debtor-plaintiffs in an adversary proceeding in Bankruptcy Court) had
sought to rescind their mortgage approximately four years and eight months after it was
executed, asserting that § 10(i)(3) permits for such claims to be brought in recoupment at any
time, notwithstanding the limitations provision in § 10(f), because claims in recoupment are
never time-barred.

The SJC noted the "fundamentally different" nature of rescission and recoupment and
their treatment at common law as "separate, non-overlapping remedies," id. at 1042.  In holding
that "rescission by way of recoupment" is not available under the MCCCDA, the SJC further
held that borrowers who have a claim for damages may nonetheless have a remedy through
recoupment, stating:

> borrowers like the plaintiffs who may have a claim for damages to assert
> defensively in recoupment against a creditor's claim are not limited to the statutory
> damages provided in § 32 in the MCCCDA.  For example, borrowers can assert a
> claim for unfair or deceptive acts or practices in violation of G.L. c. 93A against

the creditor, so long as the alleged c. 93A violation is connected to the underlying
credit transaction.

Id. at 1044.[2]

Citing the foregoing language from May, Plaintiffs contend that "the Hooleys seek to do
exactly what the SJC prescribed in May—they have asserted a defensive claim in recoupment
against their mortgage holder prior to a nonjudicial foreclosure, in an attempt to offset
liabilities." Pls.' Mem. Law Opp'n Def.'s Mot. Dismiss 7 [#38]. This argument tracks dicta in
In re Sheedy, where the First Circuit stated that "May recognizes that it is possible for a future
plaintiff to have a defensive claim for damages under Chapter 93A that could be raised in
recoupment . . . ." In re Sheedy, 801 F.3d at 22. Indeed, this court read May similarly in a prior
order in this case. See Mem. & Order 4 [#24].

Examined closely, however, the hypothetical posed in May does not focus on a party's
status as a plaintiff, or on any right to bring a claim affirmatively. Instead, it references
"borrowers *like the plaintiffs*," in other words, parties similar to the plaintiffs. May, 7 N.E.3d at
1044 (emphasis added). It then reiterates that persons who have such a claim may "assert [the
claim] defensively in recoupment against a creditor's claim," id., underscoring that the claim
could be raised "defensively" or "against" a claim asserted by a creditor, not preemptively.
Thus, May does not state that a borrower may bring a claim in recoupment before a creditor
asserts its own claim—*i.e.*, as a plaintiff. See Kelly v. Deutsche Bank Nat. Trust Co., 789 F.
Supp. 2d 262, 266-67 (D. Mass. 2011) (finding that allowing the plaintiff to "revive" a
MCCCDA action "by restyling what in effect is a counterclaim as a recoupment" "would

---

[2] The SJC nevertheless concluded that the borrower's Chapter 93A claim, in that case, did "not
appear to offer relief" because it was tied to their purported right to rescission. Id. at 1044 n.17.

accomplish the opposite of equity by conferring on him an unjustly enriching gain at his creditor's expense").

Thus, whether Plaintiffs here can assert their Chapter 93A claim against Defendant "in recoupment" turns on whether Defendant has already asserted a "claim" against Plaintiffs to which Plaintiffs can respond with their claim in recoupment.  Plaintiffs do not allege that Defendant has filed any civil action related to the foreclosure of the mortgage or enforcement of the terms of the note, and do not dispute that any foreclosure efforts that have occurred have been non-judicial.  See Compl. ¶¶ 21-22.  Courts that have considered whether a mortgagee's efforts to foreclose on a mortgage in a non-judicial foreclosure state is a "claim" or "action" to which a mortgagor could respond by asserting a claim "in recoupment" have most often suggested that it is not.  See In re DiVittorio, 670 F.3d 273, 289 n. 12 (1st Cir. 2012) (finding "unavailing," in a Truth in Lending Act ("TILA") action, an argument that "a non-judicial foreclosure, without more, constitutes an action to which an individual may raise a TILA rescission claim in recoupment"); Raad v. Lime Financial Servs., Ltd., No. 11-11791-DJC, 2012 WL 4469107 at *7 (D. Mass. Sept. 28, 2012) (citing In re DiVittorio, 670 F.3d at 289 n. 12) ("The threat of a non-judicial foreclosure does not constitute an action, to which [the mortgagor] could respond by filing an action for recoupment in court."); Ortiz v. Accredited Home Lenders Inc., 639 F. Supp. 2d 1159, 1164-65 (S.D. Cal. 2009) (cited by In re DiVittorio, 670 F.3d at 289 n. 12) (rejecting the argument that the mortgagee's "initiation of non-judicial foreclosure proceedings paves the path for their recoupment claim" under the federal Truth in Lending Act).

Plaintiffs note that Olsen v. Pesarik, 77 P.3d 385 (Wash. 2003), a Washington Appeals Court case, and In re Beach, 447 B.R. 313 (Bankr. D. Id. 2011), a District of Idaho Bankruptcy Court case, both held that, in those jurisdictions, a non-judicial foreclosure is an "action" to

which a plaintiff may respond by raising a claim in recoupment.  Pls.' Suppl. Mem. Law Opp'n Def.'s Mot. Dismiss 3 [#41].  However, Plaintiffs have pointed to no authority in this jurisdiction that holds that a non-judicial foreclosure effort is an "action" or "claim" to which they may respond by filing a claim as a plaintiff in recoupment, and the weight of the authority in this jurisdiction suggests that it is not.

Plaintiffs suggest that, because Massachusetts is a non-judicial foreclosure state and Defendant need not initiate a civil action to foreclose on their mortgage, they have no option but to affirmatively bring their claims as plaintiffs in the first instance.  While it is correct that the burden rests on homeowners to seek court intervention in a non-judicial foreclosure state such as Massachusetts, Plaintiffs have cited no authority to suggest that this means that a homeowner may raise any substantive claim without regard to the statute of limitations so long as it is labelled a "claim in recoupment."  Here, Plaintiffs have not established that a cause of action for recoupment, when brought by a homeowner in response to a non-judicial foreclosure effort, is permitted by Massachusetts law.  Accordingly, Count I is dismissed.

## B.  Count II

In Count II, Plaintiffs request a declaration that "the terms of their mortgage are unenforceable and must be equitably reformed."  Compl. ¶ 34.  Defendant argues that Count II fails to state a claim because Plaintiffs have stated "no legal basis for 'reformation of the Mortgage Loan to change claimed unlawful terms.'"  Def.'s Mem. Law Supp. Mot. Dismiss 3 [#28].

A party seeking reformation asks the court to change the contract to reflect the shared intent of both parties at the time they entered into the contract.  OneBeacon Am. Ins. Co. v. Travelers Indem. Co., 465 F.3d 38, 41 (1st Cir. 2006).  To be entitled to reformation, a party

must "show[] a mutual mistake.'" Id. (quoting Polaroid Corp. v. Travelers Indem. Co., 610 N.E.2d 912, 918 (Mass. 1993)).  Here, Plaintiffs have not alleged a mutual mistake between themselves and CHMC regarding the 2003 refinancing agreement and they are therefore not entitled to reform their mortgage.  Thus, to the extent Count II seeks reformation of their mortgage, it fails to state a claim.

The Hooleys argue, however, that they have not asserted "a cause of action for contract reformation" and that the reference to "reformation is merely an acknowledgment that the loan terms would be changed upon a successful offset of liabilities through recoupment."  Pls.' Mem. Law Opp'n Def.'s Mot. Dismiss 6 [#38].  However, to the extent the Hooleys' declaratory judgment cause rests on their claim for "offset of liabilities through recoupment," it fails to state a claim because their cause of action in recoupment fails to state a claim.  Moreover, the Hooleys have alleged no facts to suggest that the terms of the mortgage are unenforceable for any reason other than the allegedly fraudulent loan approval.  Because the Hooleys are time-barred from asserting their Chapter 93A claim, and as plaintiffs, cannot revive it in recoupment, they have alleged no basis for a declaration that their mortgage is unenforceable.  Accordingly, whether treated as a cause of action for contract reformation or as a cause of action for a declaration that the contract "must be reformed" because it violates Chapter 93A, Count II fails to state a claim and is dismissed.

V.    Conclusion

For the foregoing reasons, this court ALLOWS Defendant's Motion to Dismiss for Failure to State a Claim [#27].

IT IS SO ORDERED.

Date: April 15, 2016                                          /s/ Indira Talwani
                                                             United States District Judge

8